IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-279-RJC-DCK

| | |
|---|---|
| **JEFFREY DALRYMPLE, and WILLIAM SMILING, on behalf of themselves and all others similarly situated,**<br><br>       **Plaintiffs,**<br><br>v.<br><br>**FIRSTSOURCE ADVANTAGE, LLC,**<br><br>       **Defendant.** | **STIPULATED JOINT PROTECTIVE ORDER** |

  **THIS MATTER IS BEFORE THE COURT** on the Joint Motion for Entry of the Stipulated Joint Protective Order (Document No. 16) filed December 16, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

  **WHEREAS,** Plaintiffs Jeffrey Dalrymple and William Smiling (collectively, "Plaintiffs") filed the above-captioned action against Defendant Firstsource Advantage, LLC ("Defendant" and collectively with Plaintiffs, "Parties").

  **WHEREAS,** the documents identified as "Confidential" or "Subject to Protective Order" are claimed by the Producing Party (whether that be Plaintiffs or Defendant) to contain information that includes proprietary interests, trade secrets, or confidential commercial information, in addition to information that provides the Producing Party a competitive advantage that will be irretrievably lost if the information is acquired by competitors of the Producing Party.

  **WHEREAS**, the Parties desire to preserve the confidentiality of such information and prevent the information from being acquired by their competitors,

**IT IS HEREBY STIPULATED** and requested that the Court enter the following Stipulated Joint Protective Order for the "Confidential" documents only.

**IT IS HEREBY ORDERED THAT:**

1. The term "Confidential Information" as used in this Stipulated Protective Order shall refer to those documents identified as "Confidential" or "Subject to Protective Order" as described below, and to the substance of any information obtained from such documents that are claimed by the Producing Party to contain proprietary interests, trade secrets, or confidential commercial information, in addition to information that provides the Producing Party a competitive advantage that will be irretrievably lost if the information is acquired by their competitors.

2. The documents protected by this Stipulated Protective Order will be designated by:

    (a) Typing, stamping or imprinting upon the document the following words: "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER;" and

    (b) Applying such in a manner so as not to obscure any information contained therein.

3. All information and documents designated as "Confidential" shall be accorded confidential status until such time as determined otherwise pursuant to the following provisions of the Stipulated Protective Order.

4. Inadvertent or unintentional production of documents or information containing "Confidential Information" that should have been designated "Confidential" or "Produced Pursuant to Protective Order" shall not be deemed a waiver in whole or in part of a party's claims of confidentiality and will continue to be deemed "Confidential Information" upon notice to all parties receiving such inadvertent or unintentional production.

5. Any notes, lists, memoranda, indices, compilations, electronically stored information, reports, records and documents prepared or based on an examination of "Confidential Information" and any summaries of "Confidential Information," which quote from, identify or refer to the "Confidential Information" with such specificity that the "Confidential Information" can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying "Confidential Information" from which they are made, and shall be subject to all of the terms of the Stipulated Protective Order.

6. All "Confidential Information" shall be used only for this action, shall not be used for any business, commercial or competitive purposes, **may be disclosed only to the following individuals or entities, and shall not be revealed, discussed or disclosed in any manner or in any form, to any person, entity or judicial tribunal other than**:

    (a)    The Court in this case and authorized court reporters retained for this case;

    (b)    Counsel with the law firms of record representing the Parties receiving the "Confidential Information" and, if reasonably necessary for purposes of prosecuting or defending this action, to the Parties themselves or their insurers;

    (c)    An employee of counsel with the law firms representing the Parties receiving the "Confidential Information" and to whom it is necessary that the material be shown for purposes of this action; and

    (d)    Experts or consultants and persons regularly employed in their offices retained by a party receiving the "Confidential Information" to assist in the prosecution or defense of this action, but only to the extent necessary for such person to perform their assigned tasks in connection with this action.

7. All persons who receive "Confidential Information" and/or material or information accorded the status of confidentiality in this action shall maintain the confidentiality of such material and information in accordance with the terms of this Stipulated Protective Order.

8. Copies of discovery responses and documents containing "Confidential Information" shall not be filed with the Court, except in accordance with Paragraph 11.

9. In the event that any document, deposition testimony, deposition exhibit, interrogatory, answer thereto, exhibit or attachment to an interrogatory or answer, request for production, response thereto, exhibit to a request for production or response, request for admission, response thereto, exhibit to a request for admission or response, motion, memorandum, affidavit, brief or any other submission by any party is filed with the Court which includes, incorporates or quotes "Confidential Information," such filings shall be submitted consistent with the provisions and requirements of Local Rule 6.1 of the Western District of North Carolina. The Parties agree to meet and confer prior to the filing of any materials with the Court that include or quote "Confidential Information."

10. To the extent that any "Confidential Information" is used in the taking of depositions, such "Confidential Information" shall remain subject to the provisions of this Stipulated Protective Order. At the time any "Confidential Information" is used in any deposition, counsel for the Parties must inform the reporter of this Stipulated Protective Order. The reporter shall operate in a manner consistent with this Stipulated Protective Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing Confidential Information. **The Confidential Information shall be bound separately and counsel for the Defendant producing the "Confidential Information" shall retain custody of that portion of the original transcript containing Confidential Information and/or**

**"Confidential" documents. Those pages in any transcript referring to Confidential Information shall include a stamp identifying all such pages as "Confidential" and/or "Subject to Protective Order."**

11. A Producing Party may designate depositions or other testimony concerning the documents and the information contained therein as "Confidential Information" by:

    (a) Stating orally on the record the day the testimony is given that the information is expected to be "Confidential;" or,

    (b) Sending written notice designating those portions of the deposition or other testimony to be treated as "Confidential," within 30 days after the deposition.

The court reporter shall operate in a manner consistent with this Stipulated Protective Order if he or she receives any confidential designations from the Producing Party as described in subparagraphs (a) or (b) above, and shall then prepare an original transcript segregating the confidential portions of the deposition, including documents and other exhibits containing "Confidential Information." **Counsel producing the "Confidential Information" shall retain custody of that portion of the original transcript containing Confidential Information.**

12. Any party may apply to the Court for the imposition of further limitations upon the disclosure of specific information if such party deems further limitations are required. Any party may apply to the Court for relief from limitations if such party deems such relief is required.

13. Nothing in this Stipulated Protective Order shall prevent any disclosure if the party designating the information as "Confidential" consents to such disclosure.

14. The execution of this Stipulated Protective Order shall not in any way detract from the right of a party to object to the production of discovery materials on grounds other than confidentiality.

15. Failure by a party to challenge the confidentiality of any document or information at the time of receipt thereof shall not preclude a subsequent challenge. In the event a party to this action disagrees with the designation of any information as "Confidential," the Parties shall attempt to dispose of such dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, the party contesting the confidentiality of the material may, by motion, with the "Confidential Information" submitted under seal setting forth with specificity the items challenged, seek an Order freeing the material in question from the designation as "Confidential Information." The party asserting that documents or other tangible litigation materials constitute "Confidential Information" shall bear the burden of proof that the criteria of this Stipulated Protective Order apply. Any information as to which such motion is made shall remain "Confidential Information" under the provisions of this Stipulated Protective Order until further Order of the Court.

16. Nothing contained in this Stipulated Protective Order shall prevent a party to this action from using its own "Confidential Information" and material in any way that it sees fit, or from revealing its own "Confidential Information" and material to whomever it chooses, without prior consent of any person or of the Court.

17. After the conclusion of this litigation, all "Confidential Information," all copies thereof, and all documents that contain or reflect "Confidential Information," including, but not limited to any notes prepared by the Parties receiving the "Confidential Information," or such Parties' experts, shall be returned to counsel for the Producing Party and all electronic copies will be destroyed and deleted from any computers, hard drives, servers or cloud storage. All "Confidential Information" and all copies thereof provided by a Producing Party to counsel for the opposing party shall be destroyed, deleted, or returned by counsel receiving such Confidential

Information. Notwithstanding the foregoing, counsel for the Party receiving the Confidential Information may keep but cannot share their attorney work product which refers or relates to any Confidential Information. The Party receiving the Confidential Information may use their attorney work product in subsequent litigation provided that such use does not disclose Confidential Information and is consistent with this Protective Order. The party given the "Confidential Information" will certify in writing that there is compliance with this paragraph. All "Confidential Information" shall remain subject to the terms of this Stipulated Protective Order. The Parties consent to the continuation of jurisdiction and venue of this Court to resolve any disputes arising from the treatment or disposition of "Confidential Information" after conclusion of this litigation.

18. This Stipulated Protective Order shall not be abrogated, modified, amended or enlarged except by written agreement of the Parties or by noticed motion, with notice given to each of the Parties.

19. Nothing contained herein shall restrict the presentation of any evidence, including "Confidential Information," to a jury or the Court during a trial or other hearing of this action. However, such presentation shall not constitute a waiver of any restrictions provided for in this Stipulated Protective Order and the Parties agree to take reasonable steps to maintain the confidentiality of any "Confidential Information" at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct and/or as the Parties may otherwise agree. Before any such presentation of "Confidential Information," the Producing Party shall be provided with reasonable notice so that it may have the opportunity to lodge appropriate objections or seek the Court's direction to prevent disclosure of the "Confidential Information."

**SO ORDERED.**  Signed: December 16, 2021

_____
David C. Keesler
United States Magistrate Judge

CONSENTED TO AND AGREED:

By:    s/Patrick J. Cleary
Patrick J. Cleary (NC Bar No. 39584)
Patrick.cleary@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1441 Main Street, Suite 1200
Columbia, SC 29201
T: (803) 726-7420
F: (803) 726-7421
**Attorney for Defendant**

By:    s/Scott C. Harris
Scott C. Harris (NC Bar No. 35328)
sharris@milberg.com
ahirsch@foxrothschild.com
MILBERG COLEMAN BRYSON PHILLIPS CROSSMAN PLLC
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
**Attorneys for Plaintiff**

December 15, 2021
Columbia, South Carolina